UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Case No. 4:16-cv-01069 |
| v. | ) ) |
| LORI LINDER, PAMELA GOLLUB, f/k/a PAMELA LINDER-HENRY, HOLLY MOORE, f/k/a HOLLY M. VALENTI, KIMBERLY LINDER, ROBIN BEGLEY, NOAH LINDER, DOVEED LINDER, and PAMELA L. GOSS, | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel, and for its Complaint in Interpleader against the Defendants, states:

## PARTIES

1. MetLife is, and at all times hereinafter mentioned was, an insurance company organized and existing under the laws of the State of New York and having its principal place of business in New York, New York. MetLife is a citizen of the State of New York is duly licensed to do business in the State of Missouri.

2. Upon information belief, Defendant Lori Linder is a daughter of the Decedent, and she resides in St. Louis, Missouri and is a citizen of the State of Missouri.

3. Upon information and belief, Defendant Pamela Gollub, f/k/a Pamela Linder-Hendry, is a daughter of Daniel N. Linder (the "Decedent"), and she resides in Overland Park, Kansas and is a citizen of the State of Kansas.

1

4. Upon information and belief, Defendant Holly Moore, f/k/a Holly M. Valenti, is a daughter of the Decedent, and she resides in Peoria, Arizona and is a citizen of the State of Arizona.

5. Upon information belief, Defendant Kimberly Linder is a daughter of the Decedent, and she resides in St. Louis, Missouri and is a citizen of the State of Missouri.

6. Upon information belief, Defendant Robin Begley is a daughter of the Decedent, and she resides in San Antonio, Texas and is a citizen of the State of Texas.

7. Upon information belief, Defendant Noah Linder is a son of the Decedent, and he resides in St. Louis, Missouri and is a citizen of the State of Missouri.

8. Upon information belief, Defendant Doveed Linder is a son of the Decedent, and he resides in Florissant, Missouri and is a citizen of the State of Missouri.

9. Upon information belief, Defendant Pamela L. Goss is a friend of the Decedent, and she resides in Florissant, Missouri and is a citizen of the State of Missouri.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction of this action in interpleader pursuant to 28 U.S.C. §1335, because two or more adverse claimants of diverse citizenship are claiming or may claim entitlement to the proceeds of two annuity contracts in MetLife's custody (the "Annuity Contract Proceeds"), the value of which exceeds $500.

11. Venue is proper pursuant to 28 U.S.C. §1397, because a defendant who claims to be entitled to the Annuity Contract Proceeds resides in this District.

## CAUSE OF ACTION IN INTERPLEADER

12. The Decedent, at the time of his death on April 26, 2016, was the owner of two MetLife annuity contracts:  Contract XXXXXX7393, a non-qualified annuity having an approximate value of $12,100; and Contract XXXXXX7427, an IRA-qualified contract, having a value of $16,271.01.

13. The Decedent initially designated as the beneficiaries of both contracts:  Pamela B. Linder-Hendry, daughter; Holly M. Falenti [sic], daughter; Lori L. Linder, daughter; Kimberly A. Linder, daughter; Robin E. Begley, daughter; Noah B. Linder, son; Doveed Linder, son; and Pamela L. Goss, friend, all beneficiaries to share benefits equally.  A true and correct copy of the initial beneficiary designation for Contract XXXXXX7393 is attached hereto as Exhibit A-1, and a true and correct copy of the initial beneficiary designation for Contract XXXXXX7427 is attached hereto as Exhibit A-2.

14. In 2009, the Decedent changed the beneficiary designation on both contracts to name the Estate of Daniel Linder as his sole primary beneficiary.  A true and correct copy of the Request to Change Contract Information, with the Beneficiary Designation Change, is attached hereto as Exhibit B.  MetLife made the requested change and designated the Estate of Daniel Linder as the primary beneficiary on both annuity contracts.

15. On April 18, 2016, MetLife received from Defendant Lori Linder a General Durable Power of Attorney, dated September 9, 2015, and two certifications of attorney-in-fact, one for Contract XXXXXX7393 and one for Contract XXXXXX7427, both signed by Defendant Lori Linder and dated April 18, 2016.  True and correct copies of the power of attorney and certifications of attorney-in-fact are attached hereto as Exhibit C.

3

16.     MetLife acknowledged receipt of the power of attorney paperwork by letter dated April 21, 2016, a true and correct copy of which is attached hereto as Exhibit D.

17.     On April 22, 2016, MetLife received a Beneficiary Change Form, dated April 22, 2016, signed by "Lori R. Linder POA/FBO Daniel N. Linder," and designating Lori R. Linder as the sole primary beneficiary of the annuity contracts.  A true and correct copy of the Beneficiary Change Form is attached hereto as Exhibit E.

18.     MetLife was subsequently notified that the Decedent had died on April 26, 2016.

19.     By letter dated May 13, 2016, a true and correct copy of which is attached hereto as Exhibit F, MetLife advised that it could not process the beneficiary change because the power of attorney document "does not give specific instruction granting the Attorney-in-Fact authority to name themselves as a beneficiary."

20.     The applicable Missouri statute, Mo. Rev. Stat. §404.710, provides in pertinent part:

> 2.  If the power of attorney states that general powers are granted to the attorney-in-fact and further states in substance that it grants power to the attorney-in-fact to act with respect to all lawful subjects and purposes or that it grants general powers for general purposes or does not by its terms limit the power to the specific subject or purposes set out in the instrument, then the authority of the attorney-in-fact under the power of attorney shall extend to and include each and every action or power which an adult who is non-disabled and non-incapacitated may carry out through an agent specifically authorized in the premises, with respect to any and all matters, whatsoever, except as provided in subsections 6 and 7 of this section.
> …
>
> * * * * *
>
> 6.  Any power of attorney, whether durable or not durable, and whether or not it grants general powers for all subjects and purposes or with respect to express subjects or purposes, shall be construed to grant power or authority to an attorney-in-fact to carry out any of the actions described in this subsection if the actions are expressly enumerated and authorized in the power of attorney.  Any power of attorney may grant power of authority to an attorney-in-fact to carry out any of

the following actions if the actions are expressly authorized in the power of attorney:

\* \* \* \* \*

(6)  To designate or change the designation of beneficiaries to receive any property, benefit or contract right on the principal's death; . . .

21.  The Decedent's General Durable Power of Attorney authorizes his attorney-in-fact, among other things:

(14)  To exercise any or all rights, options, privileges, benefits, elections and other incidents of ownership in and to any and all life insurance policies, annuity contracts and endowment contracts which I may now or hereafter own on my life or on the life of any other person, and which are now or may hereafter be available to me under such policies or contracts, including, but not by way of limitation, the right to receive any and all notices, receipts and communications from the issuing insurance companies or any of them, the right to surrender such policies and contracts or any of them for their cash surrender value, the right to receive and receipt for any sum or sums of money due or to become due thereunder, and to endorse checks or drafts issued to my order in payment of the same, the right to change the beneficiary or beneficiaries named therein, the right to make cash loans, the right to pay premiums, the right to change the mode of payment or premiums, the right to reinstatement, the right to elect non-forfeiture and dividend options and to change settlement options thereunder, and generally to act in relation to the said policies and contracts or any of them as fully and effectually in all respects as I might or could do if personally present;

\* \* \* \* \*

(21)  To execute, amend or revoke any trust agreement; to fund with my assets any trust, whether or not created by me; to make gifts of my assets, outright, in trust or otherwise, to anyone my attorney-in-fact deems appropriate, including my attorney-in-fact for may attorney-in-fact's own personal benefit, in any amount(s), at such times and from time to time; to disclaim a gift or devise of property to or for my benefit; to create or change survivorship interests in my property or in property in which I may have an interest; to designate or change the designation of beneficiaries to receive any property, benefit or contract right upon my death; to nominate a guardian or conservator for me; to give consent to an autopsy or post-mortem examination; and to make a gift of my body parts under the Uniform Anatomical Gift Act; . . .

22.  On May 16, 2016, MetLife received a phone call from Defendant Lori Linder, who advised that the Decedent did not have an estate but only a will, that she had not been told

she could not name herself as the primary beneficiary, and that she needed advice on how to receive the funds and if there was any way to modify the beneficiary designation for the purposes of the will.

23.     By letter dated May 31, 2016, a true and correct copy of which is attached hereto as Exhibit G, MetLife confirmed its decision that it could not process the beneficiary change and stated in part:

> Based upon our understanding of Missouri Powers of Attorney, an Attorney-in-fact must be granted express authority in the Power of Attorney in order to name themselves as beneficiary on the Principal's property.  We reviewed Daniel N. Linder's Power of Attorney and do not see express authorization for you, as attorney-in-fact to designate yourself as the beneficiary on this contract.
>
> We confirmed this decision with our Law Department.  Accordingly, we are unable to accept your beneficiary change, and the Estate of Daniel N. Linder remains the beneficiary on this contract.  You have advised us that you are working with an attorney in this matter.  Kindly refer your attorney to the matter of *Antrim v. Wolken*, 228 S.W.3d 50; 2007 Mo. App. LEXIS 1001, in support of our decision.
>
> If an Executor or other representative has been appointed to administer Daniel N. Linder's Estate, they should submit their appointment papers to our office so that MetLife may remit payment of this death benefit to the Estate of Daniel N. Linder.  If no Estate appointment will be made, please let us know if the Estate will be seeking other payment alternatives, as eligible.

24.     MetLife further advised:

> In the alternative, if you are able to reach a reasonable resolution regarding the payment of this contract with all beneficiaries of the Estate of Daniel N. Linder, MetLife is willing to accommodate your mutual agreement.  We will require a formal written agreement and releases to that effect.

25.     Upon information and belief, no resolution has been reached between Defendant Lori Linder and all beneficiaries of the Estate of Daniel N. Linder.

26.     On June 13, 2016, MetLife received a letter, dated June 9, 2016, from Defendant Lori Linder's attorney, stating in part:

6

>As you are aware, on April 22, 2016, Ms. Linder, as power of attorney for Mr. Linder, instructed MetLife to change the beneficiary on the Contracts to Ms. Linder.  Despite this, MetLife failed to do so, concluding that Ms. Linder's change is ineffectual.  MetLife's conclusion is based upon its mistaken belief that Mr. Linder's Power of Attorney does not authorize Ms. Linder, as attorney-in-fact, to designate herself as beneficiary on the Contracts.  We are familiar with the case you cite, *Antrim v. Wolken*, and respectfully disagree with your interpretation of that case and its application to Ms. Linder's change of beneficiary on the Contracts.  The *Antrim* Court held that a power of attorney must expressly permit the attorney-in-fact to make a gift of the principal's property to herself or to name herself as a beneficiary.  Here, Mr. Linder's Power of Attorney does just that. Specifically, paragraph 21 of the Power of Attorney grants Ms. Linder, as attorney-in-fact, the express power:
>
>>[T]o make gifts of my assets, outright, in trust or otherwise, to anyone my attorney-in-fact deems appropriate, ***including my attorney-in-fact for my attorney-in-fact's own personal benefit***.

A true and correct copy of the letter is attached hereto as Exhibit H.

27. MetLife cannot determine whether a court would find that the April 22, 2016 Beneficiary Change Form signed by Defendant Lori Linder as attorney-in-fact is valid, where the power of attorney expressly authorizes the attorney-in-fact to make gifts of the principal's assets to herself, for her own personal benefit, but does not expressly authorize the attorney-in-fact to designate herself as the beneficiary of the principal's annuities or other contracts.

28. If a court were to determine that the April 22, 2016 Beneficiary Change Form is valid, then the Annuity Contract Proceeds would be payable to Defendant Lori Linder.

29. If a court were to determine that the April 22, 2016 Beneficiary Change Form is invalid, then the Annuity Contract Proceeds would be payable to the Estate of Daniel Linder, if an estate is opened or, if no estate is opened, to the persons who would be the beneficiaries of the Estate of Daniel N. Linder in the event an estate were opened.

30. Upon information and belief, no estate has been opened for the Decedent.

31. Upon information and belief, the Defendants are the persons who would be the beneficiaries, in equal shares, of the Decedent's estate if an estate were opened.

32. MetLife cannot determine the proper beneficiary or beneficiaries of the Annuity Contract Proceeds without risking exposure to multiple liability.

33. As a mere stakeholder, MetLife has no interest in the Annuity Contract Proceeds (except to recover its attorney's fees and costs of this action). MetLife therefore respectfully requests that this Court determine to whom said Annuity Contract Proceeds should be paid.

34. MetLife is ready, willing and able to pay the Annuity Contract Proceeds, in accordance with the terms of the annuity contracts, in such amounts and to whichever Defendant or Defendants the Court shall designate.

35. MetLife will deposit into the Registry of the Court the Annuity Contract Proceeds for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff MetLife requests that the Court:

(i) Restrain and enjoin the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States Court against MetLife for the recovery of the Annuity Contract Proceeds by reason of the death of the Decedent;

(ii) Require that Defendants litigate or settle and adjust among themselves their claims for the Annuity Contract Proceeds, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Annuity contract proceeds should be paid;

(iii) Permit MetLife to pay into the Registry of the Court the Annuity Contract Proceeds, and upon such payment, dismiss MetLife with prejudice from this action, and discharge MetLife from any further liability for the Annuity Contract Proceeds payable as a consequence of the death of the Decedent; and

(iv)     Award MetLife its attorney's fees and costs, to be paid from the Annuity Contract Proceeds, and such other and further relief, in law or in equity, as this Court deems just and proper.

Respectfully submitted,

BUCKLEY & BUCKLEY, LLC


By: /s/ Ann E. Buckley_____
Ann E. Buckley  #2697MO
1139 Olive Street, Suite 800
St. Louis, MO  63101-1928
Telephone:  (314) 621-3434
Facsimile:  (314) 621-3485
abuckley@buckleylawllc.com
Attorneys for Plaintiff Metropolitan Life Insurance Company