METLIFE WDSM
2016 JUN 13 AM 10: 20

# LATHROP & GAGE LLP

BENNETT S. KELLER
DIRECT LINE: 314.613.2806
EMAIL: BKELLER@LATHROPGAGE.COM
WWW.LATHROPGAGE.COM

PIERRE LACLEDE CENTER
7701 FORSYTH BOULEVARD, SUITE 500
CLAYTON, MISSOURI 63105
PHONE: 314.613.2800
FAX: 314.613.2801

June 9, 2016

Debra Bacon
MetLife
P.O. Box 10342
Des Moines, IA 50306-0342

   Re: Daniel Linder and Lori Linder
      Contract Numbers ▮▮▮7393 and ▮▮▮7427

Dear Ms. Bacon:

  Please be advised the undersigned represents Ms. Lori Linder in connection with the Metropolitan Life Insurance Company ("MetLife") American Forerunner Series P Share Contract Nos. ▮▮▮7393 and ▮▮▮7427 in the name of Daniel N. Linder (the "Contracts"). This is in response to your correspondence to Ms. Linder dated May 31, 2016. Enclosed please find an authorization executed by Ms. Linder authorizing us to speak with you on her behalf regarding the Contracts.

  As you are aware, on April 22, 2016, Ms. Linder, as power of attorney for Mr. Linder, instructed MetLife to change the beneficiary on the Contracts to Ms. Linder. Despite this, MetLife failed to do so, concluding that Ms. Linder's change is ineffectual. MetLife's conclusion is based upon its mistaken belief that Mr. Linder's Power of attorney does not authorize Ms. Linder, as attorney-in-fact, to designate herself as beneficiary on the Contracts. We are familiar with the case you cite, *Antrim v. Wolken*, and respectfully disagree with your interpretation of that case and its application to Ms. Linder's change of beneficiary on the Contracts. The *Antrim* Court held that a power of attorney must expressly permit the attorney-in-fact to make a gift of the principal's property to herself or to name herself as a beneficiary. Here, Mr. Linder's Power of Attorney does just that. Specifically, paragraph 21 of the Power of Attorney, grants Ms. Linder, as attorney-in-fact, the express power:

> [T]o make gifts of my assets, outright, in trust or otherwise, to anyone my attorney-in-fact deems appropriate, ***including my attorney-in-fact for my attorney-in-fact's own personal benefit.***

CALIFORNIA    COLORADO    ILLINOIS    KANSAS    MASSACHUSETTS    MISSOURI

EXHIBIT H

June 9, 2016
Page 2

    As you can see, the Power of Attorney expressly permitted Ms. Linder to name herself as beneficiary on the Contracts. Accordingly, her actions were proper under Missouri law and she must be recognized as beneficiary under the Contracts. Please take the appropriate steps to effectuate Ms. Linder's instructions to you on April 22, 2016 to name her as beneficiary. In the event MetLife fails to do so by July 1, 2016, we will be forced to seek declaratory and injunctive relief from a court of competent jurisdiction, including, without limitation, a claim for vexatious refusal to pay.

    Please do not hesitate to contact me if you would like to discuss further.

    Very truly yours,

    LATHROP & GAGE LLP

    By: _____
         Bennett S. Keller

BSK/lmw
Enclosure

## AUTHORIZATION TO RECEIVE INFORMATION

I do hereby authorize METROPOLITAN LIFE INSURANCE COMPANY to talk to and release any and all information concerning any account and/or policy held in the name of Daniel Linder to:

> Bennett S. Keller or Lauren M. Wacker
> LATHROP & GAGE LLP
> 7701 Forsyth, Suite 500
> Clayton, Missouri 63105
> (314) 613-2800

Date: 6-9-16

_____
Lori Linder

25798084v1